**UNITED STATES BANKRUPTCY COURT**  
**SOUTHERN DISTRICT OF NEW YORK**

NOT FOR PUBLICATION

------------------------------------------------------------------------x

In re:                      :

        :        Chapter 7

NATIONAL EVENTS HOLDINGS, LLC, *et al.*,  :        Case No. 17-11556 (JLG)

        :        (Jointly Administered)

             Debtors.    :

------------------------------------------------------------------------x

Kenneth P. Silverman, Esq., the Chapter 7 Trustee of the  :  
Jointly administered estates of National Events      :  
Holdings, LLC, *et el.*,                   :

                  :

          Plaintiff,    :        Adv. Pro. No. 20-01198 (JLG)

                  :

v.                      :        Adv. Pro. No. 19-01197 (JLG)

                  :

ASDL Consulting, LLC,          :

                  :

          Defendant.    :

------------------------------------------------------------------------x

**MEMORANDUM DECISION GRANTING MOTION FOR**  
**ENTRY OF A DEFAULT JUDGMENT AGAINST DEFENDANT**

**A P P E A R A N C E S :**

RIMON PC  
*Counsel to Kenneth P. Silverman, Esq., the Chapter 7 Trustee*  
100 Jericho Quadrangle, Suite 300  
Jericho, NY 11753  
By:    Meghan Lavine

**HON. JAMES L. GARRITY, JR.**
**U.S. BANKRUPTCY JUDGE**

**INTRODUCTION[1]**

Kenneth P. Silverman, Esq. is the chapter 7 trustee (the "Trustee") of the jointly administered estates of the LLC Debtors and the Corporate Debtors (collectively, the "Debtors"). In that capacity, he filed a complaint (the "Complaint") commencing this adversary proceeding (the "Adversary Proceeding") against the defendant herein (the "Defendant") to avoid and recover prepetition transfers of funds by certain Debtors (each a "Transferring Debtor") to the Defendant, net of the transfers of funds by the Defendant to the Transferring Debtors (the "Net Transfer Amount"). The Defendant did not respond to the Complaint.  At the Trustee's request, the Clerk of the Court (the "Clerk") entered a default against the Defendant.

Before the Court is the Trustee's motion for the entry of a default judgment against the Defendant in an amount equal to the Net Transfer Amount (the "Motion"). In support of the Motion, the Trustee submitted a declaration of Meghan Lavine, Esq.[2] and a declaration of Kenneth P. Silverman, Esq. (the "Silverman Declaration")[3] The Defendant did not respond to the Motion. The Trustee has filed a Certificate of No Objection in support of the Motion. The Court conducted a hearing on the Motion. The Defendant did not appear at the hearing. For the reasons stated the Court grants the Motion.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion. The Motion and all documents submitted in support of the Motion are filed of record in the Adversary Proceeding.

[2] *Declaration of Meghan Lavine, Esq. In Support Of Motions For Default Judgment Against Certain Defendants.*

[3] *Declaration of Kenneth P. Silverman, Esq. In Support of Motions For Default Judgment Against Certain Defendants.*

**JURISDICTION**

The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a) and (b)(1) and the Amended Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b).

The Court has personal jurisdiction over the Defendant. Bankruptcy Rule 7004(f) provides that "[i]f the exercise of jurisdiction is consistent with the Constitution and laws of the United States, serving a summons or filing a waiver of service in accordance with this rule or the subdivisions of [Fed. R. Civ. P. 4] made applicable by these rules is effective to establish personal jurisdiction over . . . [the] defendant . . . [in] a civil proceeding arising under the Code, or arising in or related to a case under the Code." Fed. R. Bankr. P. 7004(f); *see also Milazzo v. Techakraisri (In re Old DDUS, Inc.)*, 659 B.R. 810, 828-29 (Bankr. S.D.N.Y. 2024) ("Federal Rule of Bankruptcy Procedure 7004(b) permits service of a summons and complaint in an adversary proceeding to be accomplished by mail, but only within the boundaries of the United States."). The Defendant is within the boundaries of the United States. As evidenced by the Certificate of Service, he Trustee served the Summons and Complaint on the Defendant via first class mail.

The Court has the constitutional authority to enter the default judgment. In *Stern v. Marshall*, the United States Supreme Court held that without the consent of the parties, a bankruptcy court (as an Article I court) may not enter a final judgment with respect to certain core proceedings under 28 U.S.C. § 157. *Stern v. Marshall*, 564 U.S. 462, 503 (2011). In *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665 (2015), the Court considered the scope of the consent called for under section 157. It held that express consent was not required, and that a party's "consent" to a final determination of a matter by a bankruptcy court may be "implied." *Id.* at 683-84

("Nothing in the Constitution requires that consent to adjudication by a bankruptcy court be express. Nor does the relevant statute, 28 U.S.C. § 157, mandate express consent; it states only that a bankruptcy court must obtain 'the consent'—consent *simpliciter*—'of all parties to the proceeding' before hearing and determining a non-core claim. § 157(c)(2).").

The Trustee served the Defendant with the Summons. It expressly warns that the failure to respond to the Complaint will be deemed consent to the entry of a default judgment, as follows:

> IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

Summons at 1-2. Here, Defendant's "knowing and voluntary election not to appear in response to the [S]ummons, notwithstanding the clear language of the [S]ummons that was validly served upon him, was a knowing and voluntary consent to the entry of a final default judgment by this Court." *In re Old DDUS, Inc.,* 659 B.R. at 834-35.

## BACKGROUND

On June 5, 2017, National Events Holdings, LLC, National Events Intermediate, LLC, National Event Company II, LLC, National Event Company III, LLC, and World Events Group II, LLC (the "LLC Debtors") filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") in this Court. Motion ¶ 1. On June 28, 2017, National Events of America, Inc. and New World Events Group, Inc. (the "Corporate Debtors") filed voluntary petitions for relief under the Bankruptcy Code in the Court. *Id.* ¶ 2.

By Order dated June 13, 2017, the Court directed the joint administration of the LLC Debtors' estates. *Id.* ¶ 3. By Order dated August 7, 2017, the Court converted the LLC Debtors' chapter 11 cases to cases under chapter 7 of the Bankruptcy Code. And by Notice of Appointment

4

that same date, Mr. Silverman was appointed the interim trustee in the LLC Debtors' cases and thereafter qualified as the permanent trustee in those cases. *Id.* ¶ 4. On February 11, 2019, the Court entered the Joint Administration Order for the Debtors' cases and thereafter, the Office of the United States Trustee appointed Mr. Silverman as trustee of the jointly administered estates of the LLC Debtors and the Corporate Debtors. *Id.* ¶ 5.

In broad strokes, in support of the Complaint, the Trustee alleges that Jason Nissen ("Nissen"), the Debtors' former Chief Executive Officer and/or Managing Member, caused the Transferring Debtor to transfer funds to the Defendant (the "Transfers") in furtherance of a Ponzi-type scheme to defraud the Debtors' legitimate creditors. He says that Nissen aggregated funds in the Debtors' bank accounts without regard to the source of those funds, and used those integrated funds to pay the Debtors' creditors and/or investors as part of multi-stepped, integrated transactions, designed to disguise the Debtors' financial obligations and activities.

He maintains that insofar as the Transferring Debtor transferred more to the Defendant than it received from the Defendant, the Transfers were made for no consideration or less than reasonably equivalent value. He also contends that the Transferring Debtor was either insolvent when it made the Transfers, or was rendered insolvent as a result of the Transfers, and that when the Transferring Debtor made the Transfers, it had unsecured creditors, who remained unsecured creditors as of the Filing Date. Finally, he alleges that the Transferring Debtor made each Transfer with the intent to hinder, delay, or defraud its creditors.

The Trustee seeks to recover damages from the Defendant in an amount equal to the Net Transfer Amount under: (i) New York state common law, (ii) sections 273 through 276 of the New York Debtor and Creditor Law (the "NYDCL"), and (iii) sections 548, 550, and 551 of the Bankruptcy Code.   In prosecuting the Adversary Proceeding --

(i) The Trustee filed the Complaint commencing the proceeding.

(ii) The Court issued a Summons and Notice of Pretrial Conference (the "Summons").

(iii) The Trustee served the Summons and Complaint by first class mail to all addresses associated with the Defendant. Annexed as Exhibit 1 to the Motion is a copy of the certificate of service evidencing service on the Defendant ("Certificate of Service").

(iv) The Summons directed the Defendant to submit a motion or an answer to the Complaint within 30 days after the date of issuance of the Summons (or as indicated on the Court docket for the adversary proceeding).

*Id.* ¶¶ 6-10.

The Adversary Proceeding is one of approximately one-hundred avoidance actions brought by the Trustee against miscellaneous defendants. On July 20, 2020, pursuant to the Order Establishing Consolidated Master Proceeding and Case Management Procedures on Certain Issues of Law and Fact Common to Pending Avoidance Proceedings (the "Master Proceeding Order"), the Court established the Master Proceeding under Adversary Proceeding Number 20-01198 (JLG) (the "Master Proceeding"). Motion ¶ 11. This adversary proceeding is included in the Master Proceeding. *Id.*

The Master Proceeding Order directed any defendant in the Master Proceeding who (i) had not filed an answer to the complaint filed in its respective adversary proceeding, (ii) had not filed a proof of claim in the Chapter 7 Cases, and/or (iii) did not consent to the entry of final orders or judgment by the Court, to file a statement in the Master Proceeding pursuant to Fed. R. Bankr. P. 7012 within fourteen days of the date of the Master Proceeding Order. The Defendant did not submit any such statement to the Court. *Id.* ¶¶ 13-14.

On September 4, 2020, pursuant to the Master Proceeding Order, the Trustee filed the Trustee's Initial Statement of Contentions and Facts Concerning the Threshold Common Issues

6

(the "Trustee's Statement"). The Master Proceeding Order directed any defendant who had not filed an answer or pre-answer motion in its respective adversary proceeding to file such pleading no later than twenty-one days after the filing of the Trustee's Statement. The Defendant did not file an answer or pre-answer motion. The Defendant is not an infant, incompetent, or presently in the military service of the United States.

In this Adversary Proceeding, the Trustee filed a Request for Clerk's Entry of Default against the Defendant. The Clerk entered the default. Annexed as Exhibit 2 to the Motion is a copy of the Clerk's Entry of Default. The Defendant's time to answer, move, or otherwise respond to the Complaint has expired, and the Defendant has not appeared, answered, or otherwise moved with respect to the Complaint. The Defendant neither sought nor obtained an additional extension of time to answer the Complaint. Annexed as Exhibit 3 to the Motion is a proposed order granting the motion for default judgment and directing the Clerk of the Court to enter a judgment against the Defendant. Annexed as Exhibit 4 to the Motion is a Proposed Default Judgment Against Defendant.

## LEGAL PRINCIPLES

"A default occurs if the defendant does not respond to the complaint within thirty days after the issuance of the summons." *In re Macias*, 324 B.R. 181, 186 (Bankr. E.D.N.Y. 2004); *see* Fed. R. Bankr. P. 7012(a). Rule 55 of the Federal Rules of Civil Procedure ("Rule 55") sets forth the procedure that applies in cases where there is a default during the course of litigation. *See* Fed. R. Civ. P. 55. It is made applicable in these Chapter 7 Cases by Rule 7055 of the Federal Rules of Bankruptcy Procedure. The rule "provides a 'two-step process' for the entry of a judgment against a party that fails to defend: first, the entry of a default, and second, the entry of a default judgment." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011). "The first step,

entry of a default, formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *Id.* "The second step, entry of a default judgment, converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief for which the court decides it is entitled, to the extent permitted by [Fed. R. Civ. P. 54(c)]." *Id.*

In resolving motion for entry of a default judgement, a court "[must] determine whether the facts, as alleged in well-pleaded, non-conclusory fashion, [are] sufficient to establish the defendant's liability as a matter of law." *In re Old DDUS, Inc.,* 659 B.R. at 824 (quoting *E.A. Sween Co. v. A & M Deli Express Inc.*, 787 Fed. Appx. 780, 782 (2d Cir. 2019)). Under that analysis, "a party's default is deemed to constitute a concession of all well pleaded allegations of liability [in a complaint]." *Greyhound Exhibitgroup v. E.L.U.L Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992; *see also Vt. Teddy Bear Co. v. 1–800 Beargram Co.,* 373 F.3d 241, 246 (2d Cir.2004) (Rule 55 "tracks the ancient common law axiom that a default is an admission of all well-pleaded allegations against the defaulting party."). However, it is not considered to be an admission as to the damages to which a plaintiff may be entitled. *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 154–55 (2d Cir. 1999) ("allegations in the complaint with respect to the amount of the damages are not deemed true."). Rather, the trial court "must ... conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Id.* (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)); *see also House v. Kent Worldwide Mach. Works, Inc.,* 359 Fed. Appx. 206 (2d Cir. 2010) ("[T]he district court cannot simply rely on the plaintiff's statement of damages; there must be a basis upon which the court may establish damages with reasonable certainty."). "The determination of damages following a default must be based on admissible evidence, even when a defendant elects not to

participate in a hearing and is not present to object." *In re Old DDUS, Inc.,* 659 B.R. at 825 (citations omitted). Ascertaining damages involves two steps: (1) "determining the proper rule for calculating damages on such a claim," and (2) "assessing plaintiff's evidence supporting the damages to be determined under this rule." *Credit Lyonnais*, 183 F.3d at 155.

"The dispositions of motions for entries of defaults and default judgments ... are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties*." Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 95 (2d Cir. 1993). "Not every claim in a complaint will lead to an award of damages, even if the defendant has defaulted. If a plaintiff raises a claim in a complaint but fails to mention it in the ensuing default judgment motion, a court may consider that claim abandoned." *Borja v. MSK Restaurant Corp.,* 22 Civ. 6178 (EK) (VMS), 2025 WL 951402, at *4 (E.D.N.Y. Mar. 31, 2025).

## ANALYSIS

In the Motion, the Trustee seeks entry of a default judgment against the Defendant only with regard to the claims under NYDCL §§ 273 and 276.[4] He does not address the balance of the claims alleged in the Complaint, and is deemed to have abandoned them. *See, e.g., Duan v. Studio M Bar & Lounge Inc.*, No. 20 Civ. 2240 (RPK) (JRC), 2024 WL 4250262, at *3 n.8 (E.D.N.Y. Jan. 31, 2024) (considering FLSA and NYLL retaliation claims abandoned when the plaintiffs "alleged retaliation claims under the NYLL and FLSA [in the amended complaint], but failed to mention these claims in their motion for default judgment"); *Zabrodin v. Silk 222, Inc.*, 702 F.

---

[4] The NYDCL was amended effective April 4, 2020. The amended statute applies to transactions occurring on or after April 4, 2020. *See* NY LEGIS 580 (2019), 2019 Sess. Law News of N.Y. Ch. 580 (A. 5622) (McKINNEY'S). The Net Transfers occurred prior to April 4, 2020. Accordingly, the NYDCL amendments are inapplicable to this matter.

9

Supp. 3d 102, 121 (E.D.N.Y. 2023) (finding that the plaintiffs abandoned their claim for unlawful deductions and kickbacks in their complaint when they did "not elaborate on, or even mention, these deductions in their supporting memorandum or affidavits, nor [did] they appear to have included them in their damages computation").

The Clerk's Certificate notes the failure of the Defendant to answer or otherwise move with regard to the Complaint. Accordingly, the Trustee has satisfied the "first step" toward obtaining a default judgment against Defendant. The Court now considers whether the Trustee has met his burden of demonstrating that he is entitled to entry of a default judgment. First, the Court considers whether the Trustee has established the Defendant's liability under the Complaint. Thereafter, the Court considers whether the Trustee has established a right to damages.

**Assessing Liability for the Alleged Fraudulent Transfers**

**_Actual Fraudulent Transfers — NYDCL § 276_**

Section 276 provides that:

> Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors.

N.Y. Debt. & Cred. § 276. "[T]o prove actual fraud under § 276, a creditor must show intent to defraud on the part of the transferor." *In re Sharp Int'l Corp.*, 403 F.3d 43, 56 (2d Cir. 2005) (quoting *HBE Leasing Corp. v. Frank*, 61 F. 3d 1054, 1059 n. 5 (2d Cir. 1995)). In support of the Complaint, the Trustee alleges that the Transfers was made to the Defendant by or on behalf of the Transferring Debtor with the actual intent to hinder, delay, or defraud present or future creditors of the Debtor within the meaning of section 276 of the NYDCL. In failing to defend this action, Defendant is deemed to have admitted Trustee's well-pleaded allegations. *E.g., In re Frye Festival LLC,* 611 B.R. 735, 740 (Bankr. S.D.N.Y. 2020) ( "A default generally is 'an admission of all

10

well-pleaded allegations against the defaulting party.'") (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 107 (2d Cir. 2006)); *In re Reeves*, Adv. Pro. Case No. 23-01028 (MG), 2023 WL 8607128, at * 4 (Bankr. S.D.N.Y. Dec. 12, 2023) (same). Accordingly, the Trustee has established the Defendant's liability for actual fraudulent transfers under section 276 of the NYDCL. *See In re TS Employment, Inc.*, 602 B.R. 840, 846 (Bankr. S.D.N.Y. 2019); *In re Frye Festival LLC,* 611 B.R. at 740-41.

### *Constructive Fraudulent Transfers — NYDCL § 273*

Section 273 provides:

> Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration.

N.Y. Debt. & Cred. § 273. Under NYDCL § 272(a), "fair consideration" is given for property or an obligation "[w]hen in exchange for such property, or obligation, as a fair equivalent therefor, and in good faith, property is conveyed, or an antecedent debt is satisfied." N.Y. Debt. & Cred § 272(a). Accordingly, "[u]nder [NYDCL § 273], a conveyance by a debtor is deemed constructively fraudulent if it is made without 'fair consideration,' and . . . the transferor is insolvent or will be rendered insolvent by the transfer in question[.] *In re Sharp,* 403 F.3d at 53.

Courts describe a "burden shifting framework" under section 273, as follows:

> The trustee has the burden of proof by a preponderance of evidence under this section. *In re Churchill Mortg. Inv. Corp.,* 256 B.R. 664, 677 (Bankr. S.D.N.Y. 2000). If the trustee meets his burden as to lack of fair consideration, then it is presumed that the transfer made the debtor insolvent. [*In re*] *O.P.M. Leasing* [*Services, Inc.*], 40 B.R. [380] at 393 [ (Bankr. S.D.N.Y. 2000) ]. The burden then shifts to the defendant to rebut the presumption of insolvency. *Id.* If the defendant comes forward with some evidence of insolvency, the burden shifts back to the trustee. *In re Manshul Cons. Corp.,* 2000 WL 1228866, *53 [ (S.D.N.Y. Aug. 30, 2000) ]. If the trustee meets his burden in proving these

elements, the transfer is considered a fraudulent conveyance as to creditors without taking into account the actual intent of the transferor.

*In re TS Employment, Inc.*, 602 B.R. at 846 (quoting *Geltzer v. Borriello (In re Borriello)*, 329 B.R. 367, 373 (Bankr. E.D.N.Y. 2005)); *see also In re Khan*, Adv. Pro. No. 11-01520, 2014 WL 10474969, at *3 (E.D.N.Y. Dec. 24, 2014 (discussing shifting burden of proof under section 273).

Applying those standards here, the Trustee has demonstrated that Defendant is liable for a fraudulent transfer under section 273. In substance, in the Complaint, the Trustee alleges the lack of fair consideration by stating that the Transferring Debtor, while insolvent, made cash transfers on a net basis to the Defendant for which the Debtor received less than fair consideration, or that these transfers rendered the Debtor insolvent. Here, the Defendant, through its inaction, admits such well-pleaded allegations. *See Manta Industries Ltd. v. Law,* 16-8308, 2025 WL 3458479, at *4 (S.D.N.Y. Dec. 2, 2025) (A default is "an admission of all well-pleaded allegations against the defaulting party.") (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 107 (2d Cir. 2006)). The Court finds that the Trustee sustained his burden, and the Debtor is presumed to have been insolvent at the time of the Transfers. By failing to respond to the Complaint, the Defendant did not rebut the presumption of insolvency, or otherwise sustain its burden of proof. Accordingly, the Trustee has established Defendant's liability for constructive fraudulent transfers under NYDCL § 273. *In re TS Employment, Inc.*, 602 B.R. at 846.

**Calculating Damages**

Although the Defendant's default establishes its liability under sections 273 and 276 of the NYDCL, it does not establish the amount of the damages under those provisions. As noted above, allegations as to the amount of damages are not deemed admitted by the default. *Credit Lyonnais*, 183 F.3d at 155. Before entering a default judgment, a trial court must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty. *In re Old DDUS, Inc.*, 659 B.R. at

12

825 (citing *Credit Lyonnais*, 183 F.3d at 154-55); *see also House v. Kent Worldwide Mach. Works, Inc.*, 359 F. App'x 206 (2d Cir. 2010) ("[T]he district court cannot simply rely on the plaintiff's statement of damages; there must be a basis upon which the court may establish damages with reasonable certainty."). Ascertaining damages involves two steps: (1) "determining the proper rule for calculating damages on such a claim," and (2) "assessing plaintiff's evidence supporting the damages to be determined under this rule." *Credit Lyonnais*, 183 F.3d at 155.

The Court calculates the amount of damages under sections 273 and 276 by determining "the amount of monies wrongfully received by the various transferees." *In re TS Employment, Inc.*, 602 B.R. at 846 (citing *Fed. Nat'l Mortg. Ass'n v. Olympia Mortg. Corp.*, No. 04-4971, 2014 WL 2594340, at *5 (E.D.N.Y. June 10, 2014)). "[T]he Court carries out the second step in ascertaining the damages by 'assessing plaintiff's evidence supporting the damages to be determined under this rule.'" *Id.* at 847 (quoting *Credit Lyonnais*, 183 F.3d at 155). "To determine the amount of damages recoverable from a transferee, courts may rely on financial records reflecting the amount of the transfers made to the transferee." *Id.* at 846.

Here, the Trustee established the Net Transfer Amount through admissible evidence. The Silverman Declaration annexes the Transaction Summary for the Defendant, identifying the dates and amounts of the Transfers, net of transfers back, and the resulting Net Transfer Amount. Silverman Declaration ¶¶ 11, 13 & Ex. 2. That summary is admissible under Federal Rule of Evidence 1006, which permits proof of voluminous records through a summary where the underlying records are themselves admissible. The Transaction Summary reconstructs the Transfers from the Debtors' books and records — admissible under Rule 803(6) — as corroborated by independent third-party bank records and other financial data. *Id.* ¶ 14. The Court finds that this evidence establishes the Trustee's damages with reasonable certainty, and accepts the Net Transfer

13

Amount as set forth in the Silverman Declaration and annexed Transaction Summary. Accordingly, the Trustee is entitled to entry of a default judgment against the Defendant in an amount equal to the Net Transfer Amount.

## CONCLUSION

Based on the foregoing, the Court grants the Motion. The Court will enter an Order Directing the Entry of a Default Judgment (in the form submitted by the Trustee's counsel), and a Default Judgment Against Defendant (again in the form submitted by the Trustee's counsel).

IT IS SO ORDERED.

Dated:  July 10, 2026
         New York, New York

/s/ *James L. Garrity, Jr.*
Hon. James L. Garrity, Jr.
U.S. Bankruptcy Judge